**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Civil Action No.: 07-1475 (FLW) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| WILLIAM S. TANCHAK & | : | |
| LINDA L. TANCHAK, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**WOLFSON, United States District Judge,**

Presently before the Court is pro se Defendant's, Williams S. Tanchak ( "Defendant" or "Mr. Tanchak")[1], Motion for Summary Judgment on the Complaint of Plaintiff, the United States of America ("Plaintiff" or "the United States"), on the grounds that Plaintiff's claims were brought beyond the 10-year statute of limitations and that Defendant does not owe any taxes.  In Plaintiff's Opposition to Defendant's Motion and Cross-Motion for Summary Judgment, the United States seeks judgment in the amount of $563,417, as of February 12, 2007, for income taxes, penalties, and interest relating to Mr. Tanchak's 1989, 1990, 1991, 1993, and 1994 tax years, plus statutory interest according to law until paid.  The United States also seeks not only to foreclose on Mr. Tanchak's

---

[1]Mr. Tanchak's wife, Linda Tanchak, was properly added as a Defendant in this action in Plaintiff's Amended Complaint.  See Part III.A.3., infra.  Although Mrs. Tanchak filed an answer with affirmative defenses, including that the 10-year statute of limitations has run and that if the United States foreclosed on her property here, it would be required to compensate her for the property's fair market value, Mrs. Tanchak did not file any opposition on these pending motions before the Court.  Because the Court finds that she was properly plead as a Defendant in this action, the Court considers the pending motions unopposed by Mrs. Tanchak.  See Id.

interest in certain real property, but to sell the entire property to satisfy its tax lien pursuant to 26 U.S.C. § 7403. For the reasons stated herein, Defendant's Motion is denied and Plaintiff's Cross-Motion is granted in part and denied in part.

### I. Background and Procedural History

On March 29, 2007, the United States filed this lawsuit seeking to reduce to judgment federal tax assessments against Defendant William S. Tanchak for income taxes, penalties, and interest with respect to the 1989, 1990, 1991, 1993 and 1994 tax years. Compl. ¶ 11. As of February 12, 2007, the Internal Revenue Service ("IRS") had assessed taxes, penalties and interest against Mr. Tanchak as follows: $156,808 for 1989, assessed April 21, 1997; $233,108 for 1990, assessed April 21, 1997; $108,004 for 1991, assessed April 21, 1997; $20,064 for 1993, assessed April 21, 1997; and $45,434 for 1994, assessed August 18, 1997. Id. ¶ 10; Declaration of Lawrence P. Blaskopf ("Blaskopf Decl.") Ex A. The IRS gave Mr. Tanchak notice and demand for payment of each of these assessments, but he has neglected or refused to pay over in full the amounts assessed. Compl. ¶ 12. As of February 12, 2007, a total sum of $536,417 remained due and owing to the United States. Id. Statutory interest continues to accrue on this amount. Id. As of May 15, 2008, according to Plaintiff, Mr. Tanchak was indebted to the United States in the amount of $619,890.05, with respect to his income tax liabilities for the 1989, 1990, 1991, 1993 and 1994 tax years. See Declaration of Isoke K. Keto ("Keto Decl.").

On June 8, 2007, Mr. Tanchak filed his Answer to the original complaint. On August 22, 2007, Plaintiff filed a Motion to Amend/Correct its Complaint, which the Honorable Tonianne J. Bongiovanni granted by Order, dated September 21, 2007. In accordance therewith, on September

24, 2007, Plaintiff filed its Amended Complaint ("Complaint"), which included the previous request for judgment of federal tax assessments against Tanchak in Count I, added Tanchak's wife, Linda L. Tanchak ("Mrs. Tanchak") as a Defendant, and in Count II, sought to foreclose the United States' federal tax liens that attach to Mr. Tanchak's interest in a parcel of real property located in Monmouth County, New Jersey at 3 Hillside Terrace, Morganville, and more particularly described as "being known and designated as Lot 12 as shown on a certain map entitled 'Map of Hillside Manor, situated in the Township of Marlboro, Monmouth County, New Jersey' filed in the Monmouth County Clerk's Office on 4/25/62 as Case 15-62" ("the real property").  Compl. ¶ 14. Mr. and Mrs. Tanchak still own this real property, which was purchased in 1975.  Compl. ¶ 15; Blaskopf Decl. D.   On March 31, 2008, pro se Defendant Mrs. Tanchak filed an Answer to the Complaint.

On July 14, 1997 and November 14, 1997, the IRS filed notices of federal tax lien with the Clerk's Office of Monmouth County, New Jersey, regarding the assessments owed.  Compl. ¶ 16; Blaskopf Decl. Ex. B, C.  Plaintiff has valid and subsisting liens that attach to all of Mr. Tanchak's property and rights to property, including his interest in his real property.  Plaintiff seeks to foreclose its federal tax liens that attach to Mr. Tanchak's interest in the real property, requesting judgment that the real property be sold in accordance with 28 U.S.C. §§ 2001, 2002, and that the proceeds from said sale be distributed as follows: (i) all administrative costs for the sale be paid from the sale price; (ii) one-half of the remaining proceeds of the sale be paid over to Mrs. Tanchak; and (iii) the balance of the sales proceeds be paid over to the United States as payment towards Mr. Tanchak's indebtedness to it.  In the alterative, the United States seeks a judgment that one-half of the current rental value of the property be turned over to the United States until the debt is paid.   The imputed

rental value of the real property is $2,000.00 per month.  See Declaration of Anthony ("Neri Decl.")

Ex. A.  Since Defendant disputes any indebtedness to the United States, he never addresses or

disputes the United States' right to foreclose on the real property or the accuracy of the imputed

rental value.  Plaintiff also seeks costs and attorney's fees incurred in the commencement and

prosecution of this action.

On June 20, 2008, Mr. Tanchak filed his Motion for Summary Judgment on the grounds that,

inter alia, Plaintiff's claims were brought beyond the 10-year statute of limitations and thus the IRS

is barred from collecting or levying any tax against him.  See 26 U.S.C. § 6502(a)(1).[2]  He also

disputes any tax is owed.  On July 1, 2008, Plaintiff filed its Cross-Motion for Summary Judgment

and Opposition to Defendant's Motion.  This Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 1340, 1345, and 26 U.S.C. §§ 7402-03.  The Court denies Defendant's Motion, and grants

Plaintiff's Motion insofar as it requests judgment on taxes, but declines to award fees and costs and

force a sale of the real property.  Instead, the Court orders Defendants to pay over one-half of the

imputed rental value of the real property, in the amount of $1,000.00 every month, to the United

States.

---

[2]Mr. Tanchak initially filed a Motion for Summary Judgment on behalf of himself.  After
Plaintiff filed its Cross-Motion, Mr. Tanchak submitted a Reply Verified Letter Brief on his own
behalf, contesting the Court's jurisdiction over co-defendant Mrs. Tanchak, contending that no
order had allowed the filing of the Amended Complaint adding Mrs. Tanchak as a party.  Mr.
Tanchak is wrong, and having filed no opposition, the Court shall treat the motions as unopposed
by Mrs. Tanchak.  See Part III.A.3., infra.

## II.  Standard of Review

Summary judgment is appropriate where the Court is satisfied "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id.  The burden of establishing that no "genuine issue" exists is on the party moving for summary judgment.  Celotex, 477 U.S. at 330.  Once the moving party satisfies this initial burden, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  To do so, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324.  In other words, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Ridgewood Bd. of Ed. v. Stokley, 172 F.3d 238, 252 (3d Cir. 1999).  A genuine issue of material fact is one that will permit a reasonable jury to return a verdict for the non-moving party.  Anderson, 477 U.S. at 248.  In evaluating the evidence, a court must "view the inferences to be drawn from the underlying facts in the light most favorable to the [non-moving] party."  Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002) (citations omitted).

### III.  Discussion

As there appear to be few, if any, issues of material fact, the only questions remaining in these summary judgment motions are legal questions for the Court to decide.  Mr. Tanchak moves for summary judgment on the grounds that the United States' claims are barred by the applicable 10-year statute of limitations, that he had no taxable income during the applicable years, and that Plaintiff has failed to produce any evidence that Mr. Tanchak had income or that he is liable for taxes.[3]  In addition, Mr. Tanchak contends that the Government was not permitted to file its Amended Complaint because it lacked permission from the Court.  The United States filed Opposition to Defendant's Motion and its Cross-Motion for Summary Judgment seeking to reduce to judgment several assessments for income taxes, penalties, and interest against Mr. Tanchak and to foreclose its federal tax liens against his interest in the real property located at 3 Hillside Terrace in Morganville, New Jersey.

### A.  Count I: Judgment on Assessed Taxes

#### 1.  The United States's <u>Prima</u> <u>Facie</u> Case of Proof of Income

Mr. Tanchak asserts that Plaintiff's assessments are erroneous because he did not have income for the years assessed, and that Plaintiff has not provided any affidavit, statement or acceptable evidence that Mr. Tanchak earned taxable income for those years or that he is liable for taxes.[4]

---

[3]As Mr. Tanchak offers similar legal arguments in his Motion for Summary Judgment and his Opposition to Plaintiff's Cross-Motion, the Court shall address the arguments concurrently.

[4]Mr. Tanchak argues that he obtained a full copy of the Plaintiff's files pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and therein he found that a statement that he is a "tax protestor."  He suggests that because the document reflects that he is a tax protestor, this was the motivation behind Plaintiff's suit against him.  The motivation behind the action is not at issue before the Court, but rather the sufficiency of the evidence that the United States has put forth.

Defendant also argues that his Motion for Summary Judgment should be granted because he has demonstrated that he had no income or wages and that Plaintiff's assessments are invalid.  Further, Defendant argues that because Plaintiff has not contested these assertions, they are not in dispute. The United States argues that the IRS has conducted several tax assessments, provided certificates of assessments and payments, and determined that, as of May 15, 2008, Mr. Tanchak owes income taxes, interest, and penalties in the amount of $619,890.05, with respect to his income tax liabilities for the 1989, 1990, 1991, 1993 and 1994 tax years.  See  Keto Decl.

"The Secretary of the Treasury's determination that a taxpayer owes particular taxes, including interest, additions to tax, and assessable penalties imposed by the Internal Revenue Code is officially recorded as a tax assessment."  U.S. v. Cook, No. 02-9475, 2004 WL 690804, at *6 (E.D. Pa. March 22, 2004) (citing 26 U.S.C. §§ 6201, 6203 and Cohen v. Gross, 316 F.2d 521, 522-23 (3d Cir. 1963)). A Certificate of Assessments and Payments "are generally presumed valid and establish a prima facie case of liability against a taxpayer."  Freck v. United States, 37 F.3d 986, 991 n.8 (3d Cir. 1994) (citing United States v. Janis, 428 U.S. 433, 440-41 (1976); Welch v. Helvering, 290 U.S. 111, 115 (1933); Psaty v. United States, 442 F.2d 1154, 1158-61 (3d Cir. 1971)).   The Government's presentation of a tax assessment creates "a rebuttable presumption . . . based, in part, on the probability of its correctness."  Cook, 2004 WL 690804, at *6.  The public policy bases of this presumption are the goals of "requiring the taxpayer to meet certain bookkeeping obligations" and "recogniz[ing] that the taxpayer has more readily available to him the correct facts and figures."  Id. The Government's tax assessments here reflect a determination by the IRS that Mr. Tanchak owes income taxes, interest, and penalties in the amounts shown in the assessments, plus statutory additions accruing to date.  See Blaskopf Decl. Ex. A.  These assessments have the effect of reducing these tax

7

liabilities to judgment.  See Cohen, 316 F.2d at 522-23 (citing 26 U.S.C. § 6203 and Bull v. United States, 295 U.S. 247, 259-260 (1935)).

In support of its motion for summary judgment, the United States has submitted certified Form 4340s, Certificates of Assessments and Payments.  See Blaskopf Decl. Ex. A.  These Forms identify all relevant assessments made by the IRS against Mr. Tanchak and any credits made to such assessments.  The IRS has provided Mr. Tanchak with these assessments.  See Def. Verified Br. in Support of Mot. For Summ. J. ("Def. Mot.") App.  The IRS also issued notices of deficiency to Mr. Tanchak on November 20, 1996 and March 14, 1997.  Id. DA 7, 30.

As of February 12, 2007, the IRS assessments, which reflected taxes, penalties, and interest that Mr. Tanchak owed, were: $156,808 for the 1989 tax year, assessed April 21, 1997;  $233,108 for the 1990 tax year, assessed April 21, 1997; $108,004 for the 1991 tax year, assessed April 21, 1997; $20,064 for the 1993 tax year, assessed April 21, 1997; and $45,434 for the 1994 tax year, assessed August 18, 1997.  See Blaskopf Decl. Ex A.  The IRS's assessments against Mr. Tanchak for 1989 through 1991 were based on its determination that Mr. Tanchak had self-employment income of $96,994.00, $154, 291.00, and $77,346.00 in the 1989, 1990, and 1991 tax years, respectively.  See Def. Mot. App. DA 26-28.  The IRS's assessment against Mr. Tanchak for 1993 is based on its determination that Mr. Tanchak received $55,960.00 of wage income, $1,625.00 of unemployment income, and $1,564.00 of non-employee compensation.  See Id. DA 29.  Finally, the IRS's assessment of additional tax concerning Mr. Tanchak's 1994 tax year is based on its determination that he received non-employee compensation of $39,325.00 from two sources and unemployment compensation.  See Id. DA 41-42.

The IRS provided Mr. Tanchak with notice of each of the assessments and demanded payment (notice and demand) in accordance with 26 U.S.C. § 6303 on the same date it made each assessment. See Blaskopf Decl. Ex. A; Def. Mot. App. The IRS filed notices of these tax liens pursuant to 26 U.S.C. § 6323 in Monmouth County, New Jersey regarding Mr. Tanchak's income liabilities on July 14, 1997 for the 1989, 1990, 1991 and 1993 tax years and on November 11, 1997 for the 1994 tax year. See Blaskopf Decl. Ex. B. The IRS re-filed the notices of federal tax lien in Monmouth County, New Jersey on March 23, 2007. See Blaskopf Decl. Ex. C.

Mr. Tanchak misconstrues where the burdens lay. He contends that the United States needs to produce evidence beyond assertions and that he needs to do nothing. If this case were to proceed to trial, the United States would have to establish a prima facie case, and then the burden of production and persuasion would shift to the defendants. Psaty, 442 F.2d at 1160. However, because the case is presently before the Court on a summary judgment motion, Mr. Tanchak need only establish a genuine issue of material fact with regard to the validity or correctness of the assessments to deny judgment in Plaintiff's favor. See Psaty, 442 F.2d at 1160; United States v. Jones, 877 F. Supp. 907, 912-13 (D.N.J. 1995). In that regard, Mr. Tanchak only offers a self-serving statement that he had no taxable income for the 1989, 1990, 1991, 1993 and 1994 tax years. This was done in the "Verified Briefs" filed by Mr. Tanchak.[5] However, to overcome the presumption of correctness,

---

[5]The Court is constrained to note that a brief, which includes arguments and not simply facts, is not a pleading; it cannot be construed as an affidavit since affidavits may not include argument. L. Civ. R. 7.2(a). However, since Mr. Tanchak is pro se, the Court will construe his factual contentions as if in affidavit form.

Plaintiff and the Court also note that Robin Vinik of Matawan, New Jersey is listed as being "on the brief" although Mr. Vinik did not sign the briefs. There is no indication as to whether Mr. Vinik is an attorney or what role he has in this case. The New Jersey Lawyers Diary has no listing for Mr. Vinik. If indeed, Mr. Vinik did participate in the preparation of Defendant's papers submitted to this Court, he may be engaging in the unauthorized practice of

Defendant must present evidence beyond his self-serving statements, uncorroborated oral testimony, or tax returns demonstrating that Plaintiff's assessments are invalid.  See, e.g., Cook, 2004 WL 690804, at *6; Liddy v. Comm'r, 808 F.2d 312, 315 (4th Cir. 1986); Mays v. United States, 763 F.2d 1295, 1297 (11th Cir. 1985); Griffin v. United States, 588 F.2d 521, 530 (5th Cir. 1979); Lunsford v. Comm'r, 212 F.2d 878, 883 (5th Cir. 1954).  Mr. Tanchak offers no evidence to refute the IRS's determination of his income or to show that these funds should not be considered income.[6] Defendant's mere conclusory averment that the United States' assessments are invalid or incorrect are insufficient to overcome the presumption of correctness.

Mr. Tanchak states that he is at a disadvantage because there are no documents to show that he had no income.  Mr. Tanchak, however, fails to submit evidence that could controvert the Government's evidence that he received income from certain delineated sources, such as unemployment and self-employment income.  Mr. Tanchak offers no records from the State's Unemployment Insurance Benefit Claims, for example, to show he never received this form of income.  Further, he does not provide any proof, from the State for example, that he never held an interest, or owned, the company in which the Government asserts Mr. Tanchak was self-employed.

---

law.  Notwithstanding that issue, the Court will review the motions as having been submitted by Mr. Tanchak alone, since he is the sole signatory on the papers.

[6]Tanchak claims that at one time the IRS stated that he had no wages; this is based on an entry a representative of the IRS made on March 9, 1999, Def. Mot. App. DA 44, which is well after the time the IRS examined the tax years at issue or made its assessments.  See Id. DA 7, 30.  In addition, it is unclear what time period is referred to in this entry.  Further, this stray entry cannot satisfy Tanchak's burden to overcome the presumption of correctness which attaches to the IRS's assessments.  This same entry, however, also contains information indicating that Mr. Tanchak filled out a mortgage application in which he acknowledged receiving $7,500.00 per month of income as a result of employment with service enterprises.  Id. DA 44.

Accordingly, Mr. Tanchak's argument that he has demonstrated that he had no income or wages, that his allegations are uncontested, and that Plaintiff's assessments are invalid, is without merit.  Because he offers no evidence contesting the validity or correctness of the Government's Certificates, there exists no issue of material fact preventing entry of judgment in favor of the Government.

### 2.  Statute of Limitations Has Not Run

Mr. Tanchak also argues that Plaintiff's claims were brought beyond the 10-year statute of limitations,[7] and thus, are barred.  The IRS cannot either collect or levy any tax 10 years after the date of assessment of tax or levy.  See 26 U.S.C. § 6502(a)(1).  Mr. Tanchak's argument is mistakenly premised on the United States having filed its complaint against him on May 18, 2007.  See Def. Mot. at 13.  Plaintiff's original complaint, however, was filed on March 29, 2007.  Although Defendant argues that "the first assessments were done more than ten years before Plaintiff's complaint and the second assessments do not restart the clock," the Form 4340 Certificate of Assessments and Payments clearly reflects that the date of the first assessments was April 21, 1997.  See Def. Verified Letter Br. ("Def. Reply") at 3-4; Blaskopf Decl. Ex. A.  Therefore, Plaintiff's claims were brought within the 10-year statute of limitations.  Thus, Defendants' arguments that Plaintiff's claims are barred by the statute of limitations has no merit.

### 3.  Mrs. Tanchak is Properly Plead as a Defendant

Finally, Mr. Tanchak asserts that the Court "does not have in personam jurisdiction of the non-party Linda Tanchak" because Plaintiff filed its Amended Complaint on September 24, 2007, without the Court's permission and thus it is "void ab initio as if it was not filed at all."  Def. Reply at 4.  Plaintiff however filed a Motion to Amend/Correct its Complaint on August 22, 2007.  By Order

---

[7]Mrs. Tanchak raised this issue as a defense in her Answer to Complaint.

dated September 21, 2007, the Honorable Tonianne J. Bongiovanni's granted Plaintiff's request. Thus, Plaintiff properly filed its Amended Complaint on September 24, 2007, with leave from the Court, which included adding Mrs. Tanchak as a Defendant. Therefore, Mr. Tanchak's argument that the Court lacks jurisdiction over Mrs. Tanchak because she is improperly plead as a party to the action is also without merit.

Consequently, because Defendant's defenses are meritless and Mr. Tanchak has failed to overcome the presumption of the correctness of the IRS's assessments against him, the Court enters judgment against Mr. Tanchak on Count I of the Government's Amended Complaint for liability for income taxes, penalties, and interest for the 1989, 1990, 1991, 1993 and 1994 tax years. The United States has established through the Declaration of Isoke Keto that as of May 15, 2008, Mr. Tanchak was indebted to the United States in the amount of $619,890.05, with respect to his income tax liabilities for his 1989, 1990, 1991, 1993 and 1994 tax years. As a result, the United States is entitled to a judgment in this amount plus statutory interest from May 15, 2008.

**B. Count II: Foreclosure Sale as a Remedy**

In Count II of its Complaint, the United States seeks a foreclosure sale of the Tanchaks' home to satisfy the liens placed against Mr. Tanchak's interest in his property. Pursuant to § 6321 of the Internal Revenue Code, the United States obtains a lien against "all property and rights to property, whether real or person" of any person who neglects or refuses to pay their taxes. See 26 U.S.C. § 6321; United States v. Nat'l Bank of Commerce, 472 U.S. 713, 719 (1985). Section § 6322 provides that such a lien arises automatically on the date of the assessment and continues until the tax liability is satisfied or the statute of limitations bars enforcement of the lien. See 26 U.S.C. § 6322; Nat'l Bank of Commerce, 472 U.S. at 719. As stated above, the United States made assessments

against Mr. Tanchak during 1997 with respect to the 1989, 1990, 1991, 1993 and 1994 tax years; the United States gave Mr. Tanchak notice of these assessments and demanded payment on the dates of the assessments in accordance with 26 U.S.C. § 6303.  See Blaskopf Decl. Ex. A; Def. Mot. App. As a result, federal tax liens arose on the dates of the assessments during 1997, and these liens attached to Mr. Tanchak's interest in the real property located at 3 Hillside Terrace in Morganville, New Jersey.  Mr. and Mrs. Tanchak have interests in the entirety in this property.

The United States seeks not only to foreclose on Mr. Tanchak's interest in the property, but to sell the entire property to satisfy its tax lien pursuant to 26 U.S.C. § 7403.  Section 7403(a) provides that, in the event a taxpayer is delinquent, the Government can enforce its lien and subject "any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability." 26 U.S.C. § 7403(a).  Further, § 7403(c) states that the court "shall . . . determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, may decree a sale of such property . . . and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties of the United States." 26 U.S.C. § 7403(c) (emphasis added).

The Court declines to grant Plaintiff's request for an Order that Mr. Tanchak's interest be foreclosed, and the real property be sold in accordance with 28 U.S.C. §§ 2001, 2002.  See 26 U.S.C. § 7403; United States v. Rodgers, 461 U.S. 677 (1983).  As Plaintiff concedes, in Rodgers, the Supreme Court held that district courts have the discretion under 26 U.S.C. § 7403 to authorize a forced sale of real property, though this discretion is "limited" and "should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." 461 U.S. at 711.

In <u>Rodgers</u>, the Court held that "a certain fairly limited set of considerations will almost always be paramount," in determining whether property should be sold. <u>Id.</u> at 710. "First[,] a court should consider the extent to which the Government's financial interest would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes." <u>Id.</u>  Plaintiff concedes that selling only Mr. Tanchak's interest in the real property would yield little value, and a greater value would be realized if the property were sold.  Second, a court should consider "whether the third party with a non-liable separate interest in the property would, in the normal course of events (leaving aside § 7403 and eminent domain proceedings, of course) have a legally recognized expectation that that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors." <u>Id.</u> at 710-11.  Plaintiff concedes that Mrs. Tanchak, as owner of an entirety's interest in the property at issue, would have an expectation that her home would not be susceptible to a forced sale.  Third, a court should consider "the likely prejudice to the third party." <u>Id.</u> at 711. Plaintiff asserts that there is no evidence in the record concerning whether Mrs. Tanchak would be prejudiced, and if so, in what way.  Plaintiff argues that if the property were sold, Mrs. Tanchak would receive one-half of the sales price less expenses of sale and amounts of local taxes owed, which she could use to purchase another residence or to rent another property.  Finally, a court should consider "the relative character and value of the non-liable and liable interests held in the property." <u>Id.</u>  Here, both Mr. Tanchak, the liable individual, and Mrs. Tanchak, the non-liable individual, have entireties' interests in the property.  Plaintiff concedes that Mrs. Tanchak's interest in the property includes a possessory interest in the property, and that both Defendants' interests should be considered as equal interests in the property.  In light of the foregoing, the Court determines that a foreclosure sale is not the appropriate remedy in this case.

In the alternative, Plaintiff seeks one-half of the current rental value of the property as a monthly payment.  See also Jones, 877 F. Supp. at 919-21 (refusing to order the sale of the real property, the court ordered that the non-liable spouse pay over one-half of the imputed rental value of the real property to the United States).  The United States has submitted undisputed evidence that the imputed rental value of the real property is $2,000.00 per month.  See Neri Decl. Ex. A.  The Court finds this arrangement appropriate in this case.  Accordingly, the Court orders Defendants to pay over one-half of that amount, $1,000.00, every month, to the United States, until judgment is satisfied.

Plaintiff also seeks costs and attorney's fees incurred in the commencement and prosecution of this action, but does not cite any authority as to why this is an appropriate remedy here.  In civil proceedings brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty in a court of the United States, the prevailing party may be awarded a judgment for reasonable litigation costs incurred in such proceeding.  See 26 U.S.C. § 7430(a)(1)&(2).  Congress has expressly provided that a prevailing party may be awarded attorneys' fees and costs, but defines the term "prevailing party" as "any party in any proceeding to which subsection (a) applies (other than the United States or any creditor of the taxpayer involved)."  26 U.S.C. § 7430(c)(4)(A).  As the United States is the prevailing party in the instant case, the Court cannot award attorneys' fees and costs.

### IV.    Conclusion

For the foregoing reasons, the Court denies Defendant's Motion for Summary Judgment, and grants Plaintiff's Cross-Motion for Summary Judgment insofar as entering judgment for the United

15

States with respect to Mr. Tanchak's income tax liabilities for the 1989, 1990, 1991, 1993 and 1994 tax years, plus statutory interest and penalties, and statutory interest that is still accruing, and ordering Defendants to pay over one-half of the rental value of the real property to the United States until judgment is satisfied.

Date: February 5, 2009                                      /s/ Freda L. Wolfson

                                                            FREDA L. WOLFSON, U.S.D.J.

16