Bob Vinik
4286 Rt. 516
Matawan, N.J. 07747
908-768-8783
Feb. 27, 2009

**RECEIVED**

**MAR 2 3 2009**

CHAMBERS OF US DISTRICT JUDGE
FREDA L. WOLFSON

Honorable Freda Wolfson
United States Courthouse
402 East State Street
Trenton, New Jersey 08608

Dear Judge Wolfson:

    Your footnote on page nine of your opinion in the Tanchak matter expressed concern about the possibility that I might be engaged in the unauthorized practice of law. Your concerns are not well taken. As I'm sure you know the practice of law is regulated by the state. The New Jersey Courts take their responsibility to control the practice of law seriously as they should.

    This issue was brought before the presiding judge of the Appellate Division in 1995 and Judge Pressler said this was not a valid issue before the court and declined to take action in my representation of a litigant in her court. I have continued to assist people with their pleadings since then. I am sorry I have misplaced her response to me, but my letter to her in the matter is still in my computer and I have printed and attached a copy. As you can see contained therein is my answer to much the same issue you raised.

    As long as the state allows me to assist people who are indigent and are dragged into court for these matters, as was Mr. And Mrs. Tanchak, the only help for them is an intelligent layman. While this may not be the best representation for the Tanchaks it is the best they can muster with no funds to retain a licensed practitioner. I believe that the Federal Courts should look to the direction the state has taken in these matters and follow suit.

    Please advise me if you wish to pursue this matter further.

Robin K. Vinik,.Capt. USMM, Ret.

**RECEIVED**
MAR 2 3 2009
AT 8:30 ____M
WILLIAM T. WALSH
CLERK

**BOB VINIK**
271A Rt. 516
Matawan, New Jersey 07747
908 583-0925

February 21, 1995



Hon. Sylvia Pressler, P.J.A.D.
Superior Court, Appellate Division, Part E
Hughes Justice Complex, CN-006
Trenton, N.J. 08625

Re: <u>Boucher v. Boucher</u>  A-4138-93-T2

Dear Judge Pressler:

    I assisted Mr. Ron Boucher in drafting his brief, researching case law and preparing for trial before you. As you may recall, I appeared with Mr. Boucher at the respondent's table and requested the Court's leave to aid him in the presentation of his response to the appeal filed by his adversary and briefed by Amicus ACLU and Rutgers University Constitutional Law Clinic. You did not object to my assistance and agreed to allow me to remain at council table until the question was asked, "Was I an attorney?" When I answered in the negative you summarily told me that I was not allowed to assist Mr. Boucher and would have to be seated in the audience. I did not object, at that time, only because the matter before the court was of extreme importance to a four year old girl and I did not wish to engage in a debate with you over a collateral issue that would detract from the seriousness of the matter sub judice. I also felt that we had prepared Mr. Boucher reasonably well to address the Court. He prevailed against formidable adversaries.

    For the aforementioned reasons I request that you accept this letter as a motion to be considered nunc pro tunc as if raised orally before you on the day of trial, but only on the issue raised herein for the purpose of guidance for future cases. Where a court's judgment adverse to a litigant may have collateral legal consequences, the issue is not necessarily moot unless it is

1

shown that there is no possibility of any collateral legal consequences. But, alternatively a court may decide a moot case or determine a moot question where it is in the public interest, as guidance for future cases.

Now that the underlying matter is decided I wish to address the important issue of assistance of counsel by competent non-attorneys. Mr. Boucher and many of our members are unable to afford One Hundred And Fifty Dollars or more per hour for attorneys. The choice must not be constrained by the very court that is charged with the administration of justice to be: A) an expensive attorney that cannot be afforded, or B) proceed pro se with limited or no experience or knowledge of the workings of a court system that with deliberation uses Rules and even a lost language (Latin) that is designed not to be understood by the very people that are the recipients of it's Constitutionally mandated service. The disservice derived therein is substantially greater than the service provided.

In the matter sub judice Mr. Boucher had no resources to retain a professional attorney and was at a loss as to how to proceed. Legal aid refused his request for help because his was a civil matter. His adversary had sent him a letter directing that he could not present to the Court any evidence of the sexual abuse endured by his daughter. This issue presented to our member the kind of dilemma an "unschooled in the law" Father could not make without the very aid he could not afford. The National Council For Children's Rights in Washington D.C. referred him to me. I advised him that he could disregard his adversary's direction. His adversary subsequently moved this Court to throw out that crucial evidence and was denied.

Mr. Boucher and I sincerely believe that justice was done in this matter only because of the effective assistance of New Jersey Council For Children's Rights' competent non-attorney members. We do not claim to be attorneys nor do we hold our selves out to be an alternative to competent legal advice. The only claim we make is that we are better than the alternative Mr. Boucher faced: no legal aid whatsoever. It is a dilemma of major proportions that this state has more lawyers than it knows what to do with and inexpensive legal aid is not available.

I ask that you consider my request to be allowed to assist, Mr. Boucher, a member of New Jersey Council For Children's Rights without funds to retain an attorney, in court. Mr. Boucher is not faced with the choice of appearing pro se or retaining an attorney. He is faced with a more demanding dilemma: should I go to court and get beat up again by my ex's aggressive attorney or should I give up with out a fight. The courts are intended to be a place where citizens can settle their disputes in a civilized manner. However, civilized is the last thing that our courts appear to the common man to be. He needs help. It is not his fault that the only help is costly beyond his means. An affordable alternative must be made available.

Although our request may be deemed unusual it is not without precedent. The Federal courts, the Circuits and the U. S. Supreme Court have addressed this issue and permitted competent non-attorneys to assist other litigants.

> The first amendment right to speak for or against a cause does not end at the courthouse door. "A state cannot foreclose exercise of constitutional rights under First Amendment by mere labels... [A] State may not, under guise of prohibiting professional misconduct by attorneys, ignore constitutional rights under the First Amendment."   *NAACP v.Button, 83 S.Ct. 328, 371 U.S. 415, 9 L.Ed.2d 405 (1963)*

> "The preparation of petitions must never be considered the exclusive prerogative of the lawyer. Laymen --- in and out of prison --- should be allowed to act as "next friend" to any person in the preparation of any paper or document or claim, so long as he does not hold himself out as practicing law or as being a member of the Bar...Reasonable access to the courts is a right (secured by the Constitution and the laws of the United States), being guaranteed as against state action by the due process clause of the Fourteenth Amendment."   *Johnson v. Avery, 393 U.S. 483, 498; 89 S.Ct. 747 (1969)*

Members of groups[1] who are competent non-lawyers can assist other members of the group achieve the goals of the group in court without being charged with "unauthorized practice of law". . . ."A state cannot, by invoking the power to regulate the professional conduct of attorneys, infringe in any way the right of individuals and the public to be fairly represented in lawsuits authorized by Congress to effectuate a basic public interest. Laymen cannot be expected to know how to protect their rights when dealing with practiced and careful adversaries (***Gideon v. Wainwright, 372 U.S. 335***), and for them to associate together to help one another to preserve and enforce rights granted them. . .cannot be condemned as a threat to legal ethics." ***Brotherhood of Railway Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1, 7*** . See also: ***United Mine Workers v. Illinois Bar Association, 389 U.S. 217, Sierra Club v. Norton, 92 S.Ct.1561, United Mine Workers v. Gibbs, 383 U.S. 715***

There is no question that American citizens have the right to represent one another in the courts. The U.S. Supreme Court has said: "There is room for the intelligent layman to practice law where lawyers cannot or will not." ***Johnson v. Avery , 89 S.Ct. 747.***

". . . [A] legislative presumption is invalid when it is entirely arbitrary, or creates an invidious discrimination, or operates to deprive a party of a reasonable opportunity to present pertinent facts in his defense." ***Bandini Co. v. Superior Court, 284 U.S. 8, 18-19 (1931)***

"[A] state may not pass statutes prohibiting the unauthorized practice of law or to interfere with the Right of the Freedom of Speech, secured in the First Amendment. Anyone, not a lawyer, trying to help another [or seeking help] to

---

[1] Bob VINIK and Ron Boucher are members of the New Jersey Council For Children's Rights, a group similar to that described in ***Brotherhood of Railway Trainmen v. Virginia ex rel. Virginia State Bar, 377 U.S. 1, 7***

4

gain access to the courts cannot be denied the right under Freedom of Speech, Due Process and Equal Protection guarantees of the United States Constitution.

If there is any truth to the old proverb that "One who is his own lawyer has a fool for a client," the Supreme Court, by its opinion today, now bestows a constitutional right to one to make a fool of himself." (Justice Blackmun) *Faretta v. California, 422 U.S. 806 (1972)*

If a law has no other purpose than to chill assertion of constitutional rights by penalizing those who choose to exercise them, it is patently unconstitutional. *Shapiro v. Thompson, 89 S.Ct. 1322, 394 U.S. 618, 22 L.Ed.2d 600 (1969)*

"....Where rights secured by the Constitution are involved, there can be no rule-making or legislation which would abrogate them." *Miranda v. Arizona, 380 U.S. 436 (166)*

The ability, for example, of an "unschooled in the law" citizen to enforce his Constitutional rights under the Fifth Amendment is severely diminished without counsel. For Mr. Boucher who is unable to afford licensed counsel and is unschooled in the law, to be denied assistance of a competent non-attorney "next friend" in defense of his legal battle, begun by his adversary and aided by ACLU and Rutgers' Constitutional Law Clinic, appearing as Amicus spells doom. Even more persuasive is the fact that the forces of doom in reality were aimed at his four year old daughter. The arguments that protect a litigant from abuse are involved and oblique. To deny Mr. Boucher aid from a competent non-attorney when that is clearly his last resort is to deny him access to the courts.

He cannot put up sustained combat without help. While the claim itself must be made in person by the claimant, it cannot be made without either knowledge or competent advice. "The privilege against self incrimination is neither accorded to the passive resistant, nor the person who is ignorant of his rights, not to one indifferent thereto. It is a fighting clause. Its benefits can be retained only by sustained combat. It cannot be claimed by an attorney or solicitor. It is

5

valid only when insisted upon by a belligerent claimant in person." *U.S. v. Johnson, 76 F.Supp. 538*   Without the aid and advice received from the NJCCR pro se team Mr. Boucher would not have been able to submit a brief and most assuredly would have lost the most important battle in his daughter's life.

All the procedural safeguards guaranteed by the Constitution to one hailed into court for any reason must be enforced. "One need not be a criminal to claim Fifth Amendment privilege. It applies to civil suits as well."   *Isaacs v. United States, 256 F.2d 654; 297 U.S. 1.*   Although it is clear that Mr. Boucher's case did not hinge on the Fifth Amendment, the need to be educated in the law is the fundamental underpinning of any defense. In most all defenses and offensive actions too, the litigant is well served to follow the advice in *Johnson Supra* and be a belligerent combative litigant.

"It is the duty of the courts to be watchful for the Constitutional Rights of the citizen, against any stealthy encroachments thereon."   *Boyd v. U.S., 116 U.S. 616, 635 (1885)*

Furthermore the law, 2A:170-82 (c) exempts:

> ". . .Any organization, either corporate or otherwise, organized for or doing charitable or benevolent work or rendering assistance to persons without means in pursuit of any legal remedy, from carrying out such charitable objects or from rendering such charitable assistance."

The New Jersey Council For Children's Rights is organized for and has been doing "such charitable assistance" for several years. The lay members of the pro se litigation team is comprised of competent non-attorneys and law school students that volunteer or are compensated by NAPIL grants (National Association of Public Interest Law, Wash. D.C.) for law student assistance. Additionally, Bob Vinik and several other members of the team are volunteers at the Prisoners Self Help Litigation Clinic at Seton Hall Law School. The Clinic is a joint project of

ACLU and Seton Hall Law School. It is directed by staff attorney Audry Bumsey, a Seton Hall law professor.[2]

Accordingly, we, New Jersey Council For Children's Rights and Bob Vinik, request this court permit Bob Vinik and other competent non-attorney members to assist our member in achieving our goals in court. The fundamental fairness of allowing a competent non-lawyer to assist a person appearing pro se who has limited experience in court and cannot afford an attorney, is obvious, notwithstanding the legitimate goal of protecting the public from incompetent practitioners that might pray on them.

Our members are well aware that I am not an attorney. You should also be aware that I have never held myself out to be an attorney or member of any bar, nor do I charge a fee for any assistance I render.

**THE CONSTITUTIONAL GUARANTEES DO NOT END AT THE COURTHOUSE DOOR.**

Respectfully,
/s/ Bob Vinik
Bob Vinik, Chair Pro Se Team &
Director, New Jersey Council For Children's Rights

---

[2] The matter before this court is not connected with the clinic.

Capt. Bob Vinik
4286 Route 516
Matawan, NJ 07747

The Honorable Freda Wolfson
United States District Court
District of New Jersey
United States Courthouse
402 East State St
Trenton NJ 08608




U.S. POSTAGE
PAID
MATAWAN, NJ
07747
MAR 20, '09
AMOUNT
$0.59
0002919-06